# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

**JAMES WAYNE PLUNKETT,**
**ADC # 085162**                                                                                                 **PLAINTIFF**

**V.**                                **Case No. 3:10CV00143 JMM**

**SHERI J. FLYNN,** *et al.*                                                       **DEFENDANTS**

## ORDER

Plaintiff, an Arkansas Department of Correction ("ADC") inmate, filed a pro se Complaint (docket entry #1) under 42 U.S.C. §1983 and is proceeding *in forma pauperis*. For the following reasons, Plaintiff's Complaint (#2) is DISMISSED.

**I.**      **Discussion:**

     A.      Standard

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the federal Constitution or laws of the United States. 42 U.S.C. § 1983. "Though pro se complaints are to be construed liberally, see *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285(1976), they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

In deciding whether a plaintiff has stated a claim, the Court must determine whether the plaintiff has pleaded facts with enough specificity "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007) (citations omitted). Although "detailed factual allegations are not

required," the complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1940 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, *supra*). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, --- U.S. ----, 129 S.Ct. at 1940.

B.  Background

Here, Plaintiff alleges that Judge Burnett sentenced Plaintiff to five years in the ADC for sexual assault. Plaintiff claims that he is not guilty of the crime for which he was charged. Plaintiff names as Defendants Sheri Flynn, David Burnett, Circuit Judge, Constance Grayson, Deputy Prosecuting Attorney, Lisa Gean, Investigator for Poinsett County, Ron Hunter, lawyer, Jeremy Brewer, Plaintiff's nephew, Rusty Baney, and Candice Snow, the alleged victim of the crime at issue. Plaintiff has failed to state a constitutional claim under 42 U.S.C. § 1983.

C.  Analysis

1.  Defendant Burnett

Here, Plaintiff names as a Defendant Judge David Burnett. Defendant Burnett allegedly is the judge responsible for finding Plaintiff guilty of sexual assault and sentencing Plaintiff. Unfortunately for Plaintiff, "[j]udges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). Because Judge Burnett was acting within his official capacity when he

found Plaintiff guilty of the crimes charged and sentenced Plaintiff, he is entitled to absolute immunity in this lawsuit.

Further, based on the allegations contained in Plaintiff's Complaint, it appears that he is attempting to challenge his state court conviction and sentence. A state prisoner seeking to challenge his state court conviction in federal court must do so in a petition for federal habeas relief, not an action under 42 U.S.C. § 1983. See 28 U.S.C. § 2254.

2. Defendant Grayson

Plaintiff also names as a Defendant Deputy Prosecuting Attorney Constance Grayson. Both the United States Supreme Court and the Eighth Circuit Court of Appeals have recognized absolute immunity for prosecutors' "conduct in initiating a prosecution and in presenting the State's case." See *Patterson v. Von Riesen*, 999 F.2d 1235, 1237 (8th Cir. 1993) (citing *Burns v. Reed*, 500 U.S. 478 (1991)). See also *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) (holding that prosecutor is entitled to absolute immunity when acting as an advocate for that state in a criminal prosecution). "Immunity is not defeated by allegations of malice, vindictiveness, or self-interest." *Reasonover v. St. Louis County, Mo.*, 447 F.3d 569, 580 (8th Cir. 2006) (citing *Burns v. Reed*, *supra* ). Accordingly, Plaintiff has failed to state a claim against Defendant Grayson.

3. Defendants Flynn, Gean, and Hunter

In his Complaint, Plaintiff states Defendant Hunter represented him in his criminal proceeding. Plaintiff, however, fails to state how Defendant Hunter violated his

constitutional rights. Further, Plaintiff does not mention Defendants Flynn or Gean in his Complaint. As a result, these Defendants also should be dismissed. See *Beck v. LaFleur*, 257 F.3d 764, 766 (8th Cir. 2001) (citing *Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999) (prisoner must allege a defendant's personal involvement or responsibility for constitutional violation to state a claim under 42 U.S.C. § 1983)).

    4.   Defendants Raney, Brewer, and Snow

In his Complaint, Plaintiff names as Defendants Rusty Baney, Plaintiff's nephew, Candice Snow, and Jeremy Brewer. In order to state a claim for relief under § 1983, a plaintiff must allege that a person acting under color of state law deprived him a "right, privilege, or immunity, immunity secured by the Constitution or laws of the United States." *Hamilton v. Schriro*, 74 F.3d 1545, 1549 (8th Cir. 1996). Here, Plaintiff fails to allege that any of these Defendants are state actors, nor can Plaintiff prove that these Defendants were acting under color of state law during the events giving rise to this lawsuit. Accordingly, Plaintiff's claims against these Defendants fail.[1]

## II. Conclusion:

Accordingly, Plaintiff's Complaint (#1) is DISMISSED. Plaintiff's claims against Defendant Burnett, Grayson, Hunter, Brewer, Raney, and Snow are DISMISSED with

---

[1] In his Complaint, Plaintiff also states that Defendants Raney, Brewer, and Snow came to his house with several other individuals. These individuals are identified as Doe Defendants. Because Plaintiff fails to allege that any of the Doe Defendants are state actors or were acting under color of state law during the events giving rise to this lawsuit, Plaintiff's claims against the Doe Defendants fail as well.

prejudice. Plaintiff's claims against Defendants Gean and Flynn are DISMISSED without prejudice. The Court further certifies that an *in forma papueris* appeal of this Order would be frivolous and not take in good faith. See 28 U.S.C. § 1915(g).

    IT IS SO ORDERED this __7__ day of __September__, 2010.

                                                                                                 UNITED STATES DISTRICT JUDGE